**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| TRAVIS SCOTT GRAY,<br>Plaintiff,<br>v.<br>CITY OF LAS CRUCES;<br>GABRIELA MARTINEZ, individually;<br>MEMORIAL MEDICAL CENTER;<br>LIFEPOINT HEALTH; and<br>JOHN/JANE DOES 1–3,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:26-cv-03357-DLM |

**FIRST AMENDED COMPLAINT**

**FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, VIOLATIONS OF THE NEW MEXICO CONSTITUTION, MALICIOUS ABUSE OF PROCESS, VIOLATION OF PROPERTY RIGHTS, AND DEFAMATION**

**JURY TRIAL DEMANDED**

Plaintiff Travis Scott Gray, appearing pro se, alleges as follows:

## I. Nature of the Action

1. This action arises from an April 11, 2026 encounter at Memorial Medical Center ("MMC") in Las Cruces, New Mexico; the citation issued to Plaintiff for unlawful carrying of a deadly weapon; the City's seizure and retention of Plaintiff's property; and an alleged second-hand report that Plaintiff had threatened his fiancée.

2. Plaintiff alleges that he disclosed his firearm to MMC security and voluntarily surrendered physical possession of it to security. He did not surrender ownership or consent to an indefinite seizure by the City.

3. Plaintiff alleges that he carried the firearm in an appendix-position holster and that it was visible outside his shirt. Officer Gabriela Martinez did not personally see Plaintiff

carrying it before he surrendered it to security.

4. Martinez cited Plaintiff under Las Cruces Municipal Code § 19-163. As quoted in this complaint, the ordinance prohibits carrying a concealed loaded firearm or another type of deadly weapon, subject to specified exceptions. Plaintiff alleges that the firearm was not concealed and that the facts available to Martinez did not establish concealment.

5. The body-worn-camera ("BWC") recording reflects that Martinez referred to hospital video concerning the firearm's position. Plaintiff alleges that hospital-bed arms obstructed the view and that the video did not establish concealment. The video was not produced to Plaintiff during the municipal proceeding.

6. The BWC recording also reflects discussion of issuing a petty-misdemeanor citation to ask Plaintiff what was happening and get him to talk. Plaintiff alleges those statements are relevant to purpose but do not, standing alone, establish lack of probable cause or malice.

7. The BWC transcript reflects that a security supervisor attributed concern about threats to another employee. The exchange identifies no specific threatening words and does not establish that the supervisor personally heard a threat. Plaintiff denies making a threat.

8. The municipal charge was dismissed without prejudice on September 17, 2026. Plaintiff was not convicted. He does not allege that dismissal, by itself, establishes that probable cause was absent.

9. The City returned Plaintiff's property on October 2, 2026, after retaining it following dismissal. Plaintiff alleges that he repeatedly requested return, that City personnel cited a missing purchase receipt and a City Attorney hold, and that no continuing criminal case, court order, forfeiture proceeding, ownership dispute, or evidentiary need was identified to him as a basis for continued retention.

10. When the property was returned, Plaintiff observed a scratch on the lens of the Trijicon RMR Type 2 optic. Plaintiff alleges, on information and belief, that the damage occurred while the property was in City custody; the timing and cause remain to be established.

## II. Jurisdiction and Venue

11. This Court has federal-question jurisdiction under 28 U.S.C. §§ 1331, 1343 because Plaintiff asserts claims under 42 U.S.C. § 1983 for alleged violations of the United States Constitution.

12. This Court has supplemental jurisdiction over related New Mexico claims under 28 U.S.C. § 1367 because those claims arise from the same events and factual circumstances.

13. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in Doña Ana County, New Mexico, within this District.

## III. Parties

14. Plaintiff Travis Scott Gray is an individual and resident of Las Cruces, New Mexico.

15. Defendant City of Las Cruces ("City") is a municipal public body that operates the Las Cruces Police Department ("LCPD") and its Property/Evidence Unit.

16. Defendant Gabriela Martinez was an LCPD officer acting under color of state law. Plaintiff sues Martinez in her individual capacity for damages arising from her alleged personal participation.

17. Defendant MMC is a medical facility located in Las Cruces, New Mexico. Plaintiff alleges that MMC security personnel communicated with LCPD concerning him.

18. Defendant LifePoint Health is named on information and belief based on Plaintiff's understanding that MMC is owned, operated, managed, or affiliated with LifePoint. Plaintiff does not allege that ownership or affiliation alone establishes liability. LifePoint is liable only if evidence establishes a legally sufficient employment, agency, control, authorization, ratification, or participation basis.

19. Doe 1 is the MMC security supervisor who communicated with Martinez about the reported concern.

20. Doe 2 is the employee identified by the supervisor as the source of the concern. Plaintiff

does not presently know whether Doe 2 personally heard any alleged threat or communicated directly with LCPD.

21. Doe 3 is an MMC security manager or other security employee who, according to Plaintiff, retained a record of Plaintiff's surrender of the firearm, told Plaintiff to obtain the record by subpoena, and later trespassed Plaintiff from MMC. Plaintiff's present information does not establish that Doe 3 participated in the threat report.

22. Plaintiff will seek discovery to identify the Doe defendants and clarify relevant employment and agency relationships.

## IV. Factual Allegations

### A. Encounter at MMC and surrender of property

23. On April 11, 2026, Plaintiff was present in MMC's emergency department.

24. Plaintiff possessed a Shadow Systems 9mm handgun, serial number SSC030551, equipped with a Trijicon RMR Type 2 optic, and a Leatherman multi-tool.

25. Plaintiff carried the firearm in an appendix-position inside-the-waistband holster, outside his shirt and visible from ordinary observation. A nurse saw the firearm.

26. Plaintiff disclosed the firearm to MMC security and voluntarily surrendered physical possession of the firearm and related property to security without incident.

27. Plaintiff signed a hospital property receipt stating that the firearm would be returned upon his release from the emergency department. Plaintiff did not transfer ownership or consent to indefinite police custody.

28. The BWC recording includes a statement that Plaintiff had openly disclosed the firearm and given it to security. The recording also reflects that MMC personnel contacted LCPD without first telling Plaintiff that police had been called.

**B. Reported threat and records inquiry**

29. The BWC transcript reflects that an MMC security supervisor told Martinez that a "previous partner" had said he was concerned Plaintiff was making threats about his fiancée.

30. Martinez asked whether Plaintiff was making threats to his fiancée, who was present, and the supervisor answered, "Affirmative." The exchange identified no specific words allegedly spoken by Plaintiff.

31. The supervisor attributed the concern to another employee. The available exchange does not establish that the supervisor personally heard a threat or that Doe 2 gave LCPD a firsthand statement.

32. Plaintiff denies making a threat. He was not cited or prosecuted for making one.

33. Plaintiff alleges that the reported threat was communicated to LCPD and MMC security personnel. Plaintiff further alleges that the report was communicated to municipal-court personnel; the identity of the recipient, timing, and circumstances of any such communication remain to be established.

**NCIC/records inquiry**

34. The BWC transcript reflects an NCIC/records inquiry concerning Plaintiff. At approximately 9:30, an LCPD officer recited adverse information, including the phrases "armed and dangerous," "history of resisting officers," and "threat to law enforcement." Plaintiff alleges that the adverse information attributed during the encounter to the Hurst Police Department is false and inaccurate. Plaintiff has not received the underlying NCIC return or originating records. The transcript records statements by LCPD personnel, but does not establish who created, entered, maintained, or transmitted the information, or whether Hurst was in fact its source. At approximately 10:41, the transcript reads, "Could be out of Hearst PD in Texas." Plaintiff preserves that wording; "Hearst" differs from the Hurst spelling used in Plaintiff's prior description of the attributed source. Plaintiff

mentions this information as factual context for claims against the current defendants, asserts no claim against Hurst in this action, and does not intend by this pleading to waive any otherwise available claim concerning the allegedly false information.

**C. Citation and municipal proceeding**

35. Martinez issued Plaintiff a citation under Las Cruces Municipal Code § 19-163 for unlawful carrying of a deadly weapon. Plaintiff was assigned Las Cruces Municipal Court Case No. 260001180.

36. The ordinance provides: "Unlawful carrying of a deadly weapon consists of carrying a concealed loaded firearm or any other type of deadly weapon anywhere," subject to listed exceptions. Plaintiff alleges that concealment was required for the firearm offense charged.

37. Plaintiff does not allege that lack of a concealed-carry permit alone was an element of the charged offense.

38. Martinez did not personally see Plaintiff carrying the firearm before Plaintiff surrendered it to hospital security. Martinez stated that she relied on video footage she viewed at the hospital.

39. Plaintiff alleges that hospital-bed arms obstructed the video's view and that the video did not establish whether the firearm was concealed. Plaintiff does not allege that the video necessarily exculpated him.

40. At approximately 18:55, the BWC recording reflects discussion of issuing a petty-misdemeanor citation, asking Plaintiff what was going on, and taking his firearm to enter it into the station. At approximately 19:18, the recording reflects a statement, in substance, that Plaintiff would talk to the officer. This discussion followed the records inquiry and the adverse information attributed to Hurst as described in paragraph 34.

41. Plaintiff alleges that the statements are relevant to purpose but do not, alone, establish absence of probable cause or malice.

42. Plaintiff alleges that Martinez did not identify facts establishing concealment in the materials disclosed to him. Plaintiff does not allege that the municipal court found probable cause lacking.

43. Plaintiff requested discovery in the municipal case. After an August 24, 2026 discovery order, BWC recordings, dispatch logs, and an incident report were produced on September 8, 2026.

44. Plaintiff alleges that the video Martinez referenced, CAD logs, radio transmissions, a probable-cause statement, and firsthand witness statements were not produced to him. Plaintiff alleges those materials are relevant to what Martinez knew and the basis for the citation and seizure; he does not allege that the discovery failures alone establish a constitutional violation.

45. Plaintiff was required to respond to the citation and appear in municipal court for approximately five months. During substantial portions of the proceeding, Plaintiff resided in Texas and traveled to New Mexico for proceedings.

46. On September 17, 2026, the municipal court dismissed the case without prejudice. Plaintiff alleges that the written judgment or finding reflects that Martinez was not present at the hearing. Plaintiff was not convicted.

**D. Seizure, retention, and return of property**

47. After Plaintiff surrendered the property to hospital security, LCPD took custody of the firearm, optic, holster, magazine, ammunition, and multi-tool under Property/Evidence Tag No. 2026-00040949.

48. Plaintiff did not transfer ownership of the property to the City.

49. Plaintiff filed a municipal-court motion seeking return of the property. Plaintiff alleges that Judge Anthony F. Filosa orally stated at a hearing that the motion was moot because the property would be released automatically after dismissal. This is Plaintiff's account of an oral comment, not an adjudicated order.

50. After dismissal, Plaintiff made repeated calls and demands to the LCPD Property/Evidence Unit. An employee identified as "Steve" told Plaintiff at different times that the property would not be released, that a purchase receipt was required, and that the City Attorney had placed a hold. Based on Plaintiff's current information, City Attorney Brad Douglas placed or directed the hold on Plaintiff's property. Plaintiff alleges that Steve consulted an evidence-room manager, who supported the refusal.

51. Plaintiff alleges that City personnel identified no pending prosecution, court order, forfeiture proceeding, ownership dispute, or evidentiary need justifying continued retention after dismissal.

52. On October 2, 2026, Plaintiff emailed the City Attorney's Office, LCPD Evidence, LCPD Records, and other City recipients demanding immediate and unconditional release. The email recounted the reported oral comment and described the hold. The email does not establish how soon after it was sent the property was released.

53. The City returned the property on October 2, 2026, fifteen days after dismissal.

54. Plaintiff alleges that the property was retained for approximately five months and that the post-dismissal period of retention was a separate deprivation from the initial acquisition of the property.

55. N.M. Stat. Ann. § 31-27-10(A)(3) provides for return, within a reasonable period not exceeding five days after dismissal of related criminal charges against the owner, of property within the statute's scope. Plaintiff pleads this provision conditionally, if the property was subject to forfeiture under a law to which the Forfeiture Act applies. Plaintiff does not allege that a forfeiture proceeding occurred, that the statute necessarily governs a routine evidence hold, or that the statute independently creates a damages action or automatically establishes a constitutional violation.

**E. Optic condition**

56. When the firearm was returned, Plaintiff observed a scratch on the Trijicon RMR Type 2

optic lens.

57. To the extent presently known, Plaintiff alleges that the optic was not damaged in that manner when he surrendered the property to hospital security.

58. Because the property passed through hospital security before reaching LCPD, Plaintiff cannot presently determine when or how the scratch occurred. On information and belief, the damage occurred while the property was in City custody.

59. Plaintiff seeks the relevant intake, inspection, handling, storage, transfer, and release records to establish causation and the extent of damage.

**F. Notice and City property-release practices**

60. On September 11, 2026, Plaintiff sent written notice concerning his claims to the Mayor of Las Cruces and copied the City's Risk Management Department and City Attorney's Office. Plaintiff also sent written notice and a litigation-hold demand to MMC and written notice to LCPD.

61. Plaintiff acknowledges that the September 11 notice was more than 90 days after the April 11 initial seizure. He does not allege that the notice retroactively satisfies a notice deadline applicable to that occurrence.

62. Plaintiff pleads notice and accrual separately for the initial seizure, post-dismissal retention, and optic damage. He does not allege that City knowledge automatically substitutes for statutory notice or that notice concerning one occurrence necessarily satisfies notice requirements for another.

63. Plaintiff alleges that an evidence-room employee required a purchase receipt and that a hold placed or directed by City Attorney Brad Douglas prevented release. An evidence-room manager allegedly supported the refusal after consultation.

64. Plaintiff does not treat an employee's statement, standing alone, as proof of a municipal policy or final-policymaker decision. Based on Plaintiff's current information, Brad Douglas placed or directed the hold; Plaintiff does not allege that Douglas was a final

policymaker or that his act, without facts establishing delegated or final policymaking authority, establishes City policy. The manager's approval and any applicable property-release practice may bear on the City's decision or practice concerning release of property after dismissal. The authority of the officials involved is not presently known.

65. Plaintiff seeks records concerning the property hold and release, the property's intake and condition, the identity and authority of personnel involved in release decisions, the BWC recording and video Martinez referenced, and records concerning the alleged threat report.

## V. Claims for Relief

### Count I: Fourth Amendment—Unreasonable Seizure of Property

### 42 U.S.C. § 1983 against Martinez

66. Plaintiff incorporates paragraphs 1 through 59.

67. Plaintiff had a possessory interest in the firearm and associated property.

68. Plaintiff alleges that he voluntarily surrendered physical possession to private hospital security, without surrendering ownership or consenting to an indefinite police seizure.

69. Martinez, acting under color of state law, participated in or caused LCPD to obtain custody of Plaintiff's property.

70. Plaintiff alleges that Martinez did not personally observe concealment and that the information presently known to Plaintiff does not establish that Martinez had an objectively reasonable basis to believe the firearm was concealed as required by the charged offense. The adverse information recited by LCPD personnel during the records inquiry, regardless of its source, did not itself establish concealment under Las Cruces Municipal Code § 19-163.

71. Plaintiff alleges that the alleged threat information was second-hand and nonspecific. He does not allege that the threat report, standing alone, establishes a lack of probable cause for the weapons citation.

72. Plaintiff alleges that the seizure was unreasonable to the extent Martinez caused or participated in it without an objectively reasonable basis to believe the property was evidence of an offense or otherwise subject to seizure. The sequence of the records inquiry and the recorded discussion of using the citation to question Plaintiff and take his firearm supports an inference that the citation and seizure served an investigative purpose; Plaintiff does not allege that the records information alone establishes lack of probable cause.

73. Martinez's conduct allegedly caused Plaintiff to lose possession and use of his property and suffer other damages.

**Count II: Fourth Amendment—Unreasonable Continued Retention of Property**

**42 U.S.C. § 1983 against the City; against Martinez only to the extent of her personal participation**

74. Plaintiff incorporates paragraphs 1 through 59.

75. Even if the City had a lawful basis to obtain temporary custody of Plaintiff's property on April 11, 2026, the justification for continued retention had to be evaluated as circumstances changed.

76. The municipal prosecution terminated on September 17, 2026. Plaintiff thereafter demanded return of the property.

77. The City continued to retain the property and, according to Plaintiff, conditioned release on a purchase receipt while a hold placed or directed by City Attorney Brad Douglas was in place.

78. Plaintiff alleges that no pending prosecution, court order, forfeiture proceeding, ownership dispute, or identified evidentiary need justified continued retention after dismissal.

79. The City returned the property on October 2, 2026. Plaintiff alleges that the post-dismissal retention deprived him of possession and use of his property and was

objectively unreasonable.

80. Martinez is included in this count only to the extent evidence establishes her personal participation in post-dismissal retention. Plaintiff presently alleges that City Property/Evidence personnel and City Attorney Brad Douglas made or maintained the post-dismissal retention decision, with Douglas placing or directing the hold, based on Plaintiff's current information.

81. The City is liable under § 1983 only if a municipal policy, custom, or decision by a final policymaker caused the deprivation. Plaintiff alleges that the hold placed or directed by City Attorney Brad Douglas, the manager's approval, and any applicable property-release practice may be relevant to that theory, subject to proof of the decisionmakers' authority and the City's practices. Plaintiff does not allege that Douglas was a final policymaker or that his act alone establishes City policy.

**Count III: Fourteenth Amendment—Procedural Due Process, Pleaded in the Alternative**

**42 U.S.C. § 1983 against the City**

82. Plaintiff incorporates paragraphs 1 through 59.

83. Plaintiff owned the firearm and associated property and had a protected property interest in their possession.

84. After dismissal and demand, the City continued to deprive Plaintiff of possession based on a receipt requirement and a hold placed or directed by City Attorney Brad Douglas, without identifying a pending prosecution, court order, forfeiture proceeding, ownership dispute, or other legal basis for continued retention.

85. Plaintiff sought return through a municipal-court motion and repeated demands to the Property/Evidence Unit. His motion did not result in return before dismissal, and the City did not provide a meaningful opportunity to contest continued retention before an official with authority to order release.

86. Plaintiff alleges that the City's continued deprivation without adequate process violated

the Fourteenth Amendment. He pleads this claim in the alternative to Count II.

87. City liability remains subject to the requirement that a municipal policy, custom, or decision by a final policymaker caused the alleged deprivation. Plaintiff alleges that Douglas placed or directed the hold, but does not allege that he was a final policymaker or that this act alone establishes City policy.

**Count IV: New Mexico Civil Rights Act**

**New Mexico Constitution, Article II, Sections 10 and 18; against the City**

88. Plaintiff incorporates paragraphs 1 through 65.

89. Article II, Section 10 of the New Mexico Constitution protects against unreasonable searches and seizures. Article II, Section 18 protects due process of law.

90. Plaintiff alleges that City personnel acting on the City's behalf, including through a hold placed or directed by City Attorney Brad Douglas, deprived him of rights secured by those provisions through the seizure and retention of his property without adequate justification or process.

91. Plaintiff seeks only relief authorized by the New Mexico Civil Rights Act, subject to its notice, limitations, and other requirements. N.M. Stat. Ann. §§ 41-4A-1 to -13.

**Count V: Malicious Abuse of Process**

**New Mexico law; against the City, subject to applicable waiver and notice requirements**

92. Plaintiff incorporates paragraphs 1 through 46.

93. Plaintiff alleges that the citation initiated legal process.

94. Plaintiff alleges that the charged firearm offense required concealment, that he carried the firearm visibly, and that Martinez did not personally observe concealment.

95. The BWC transcript records an LCPD officer's recitation of adverse information during the records inquiry, including the phrases "armed and dangerous" and "threat to law enforcement," and at 10:41 reads, "Could be out of Hearst PD in Texas." As alleged in paragraph 34, Plaintiff alleges that the adverse information attributed to Hurst was false

and inaccurate, but has not received the underlying NCIC or originating records. The transcript alone does not establish who created, entered, maintained, or transmitted the information, or whether Hurst was in fact its source. The information did not itself establish concealment under the charged ordinance.

96. The recording then reflects discussion of issuing a petty-misdemeanor citation, asking Plaintiff what was going on, taking his firearm, and using the citation to get him to talk. Plaintiff alleges that the sequence and statements support an inference that process was used, at least in material part, to obtain an investigative conversation and control over his firearm, rather than solely to prosecute an offense supported by facts establishing concealment.

97. Plaintiff pleads pretext as an inference from the sequence and recorded statements, not as an established fact. He does not allege that the adverse information attributed to Hurst alone, or the recording or dismissal alone, establishes lack of probable cause, improper purpose, or abuse of process.

98. Plaintiff alleges resulting damages, including loss of possession and use of property, expenses, lost time, and emotional distress, to the extent recoverable.

99. Plaintiff asserts this claim against the City only to the extent immunity is waived for the acts of law-enforcement officers alleged, including under N.M. Stat. Ann. §§ 41-4-4(A), 41-4-12, and subject to applicable notice and limitations requirements.

**Count VI: Property Rights and Damage to Property**

**New Mexico law; against the City, subject to applicable waiver and notice requirements**

100. Plaintiff incorporates paragraphs 1 through 9 and 47 through 62.

101. Plaintiff owned the firearm, optic, holster, and multi-tool. His surrender to hospital security transferred possession, not ownership.

102. The City retained the property after dismissal, including under a hold placed or directed by City Attorney Brad Douglas, and returned it on October 2, 2026. Plaintiff alleges that

the post-dismissal retention interfered with his possessory rights and that the optic was damaged while the property was in City custody.

103. Any reliance on N.M. Stat. Ann. § 31-27-10(A)(3) is conditional on the property having been subject to forfeiture under a law to which the Forfeiture Act applies. Plaintiff does not plead a standalone statutory damages remedy.

104. Plaintiff asserts this claim only to the extent New Mexico law waives immunity for the particular property injury or theory proven, including, where applicable, N.M. Stat. Ann. §§ 41-4-4(A), 41-4-12, and subject to notice and other requirements.

**Count VII: Defamation**

**New Mexico law; against MMC, Doe 1, and Doe 2; against LifePoint only if supported by agency or participation**

105. Plaintiff incorporates paragraphs 1 through 33.

106. On April 11, 2026, Doe 1 communicated to LCPD that a "previous partner" had expressed concern that Plaintiff was making threats about his fiancée. Martinez asked whether Plaintiff was making threats to his fiancée, who was present, and Doe 1 answered, "Affirmative."

107. Plaintiff alleges that, in context, the exchange conveyed as fact that Plaintiff had made a threat. Plaintiff alleges the implication was false because he made no threat and that no specific threatening words were identified.

108. Plaintiff alleges communication to LCPD and MMC security personnel. Plaintiff further alleges that the information was communicated to municipal-court personnel, but the present record does not identify the recipient, timing, or circumstances of that alleged communication.

109. Plaintiff acknowledges that a report to law enforcement may be qualifiedly privileged. The available transcript does not itself establish knowing falsity, malice, or abuse of privilege.

110. Plaintiff alleges fault based on the circumstances of relaying a second-hand, nonspecific accusation without identifying the alleged words, and will rely on evidence to establish any degree of fault required by law.

111. Plaintiff alleges that the report was understood by LCPD as factual and contributed to the treatment of him as a threat during the encounter. Plaintiff seeks damages only to the extent reputational or other injury proximately caused by the report is established.

112. MMC is liable only to the extent the speaker acted within an employment or agency relationship and applicable law permits entity liability. LifePoint is liable only if evidence establishes that it employed, controlled, authorized, ratified, or participated in the relevant conduct. Doe 1 and Doe 2 are liable only to the extent evidence establishes their individual participation.

**VI. Damages**

113. Plaintiff seeks only damages legally recoverable on each claim and supported by evidence.

114. Plaintiff alleges loss of possession and use of the firearm and associated property; damage to the optic if proven; reasonable expenses and lost income caused by the conduct; emotional distress; and reputational injury to the extent proximately caused by the alleged defamatory report.

115. Plaintiff does not seek punitive damages against the City. Plaintiff seeks punitive damages against private defendants only to the extent authorized by law and supported by evidence.

**VII. Prayer for Relief**

WHEREFORE, Plaintiff requests that the Court:

A. Enter judgment in Plaintiff's favor on claims established at trial;

B. Award compensatory damages in an amount to be proven;

C. Award punitive damages against private defendants only where authorized by law and

supported by evidence;

D. Award fees and costs only to the extent authorized by applicable law;

E. Award interest where permitted; and

F. Grant other appropriate relief.

## VIII. Jury Demand

Plaintiff demands a jury trial on all issues triable by jury under Fed. R. Civ. P. 38(b).

Respectfully submitted,

/s/ Travis Scott Gray

TRAVIS SCOTT GRAY

Plaintiff, Pro Se

7003 Sentinel Avenue

Las Cruces, NM 88012

575-636-6070

travisgray@gmail.com

Dated: 10/19/2026, 2026

## Proposed Exhibits

Exhibit A: Municipal Court dismissal dated September 17, 2026

Exhibit B: Officer Gabriela Martinez Police Report

Exhibit C: Officer Lockhart Police Report

Exhibit D: Relevant BWC Transcript Excerpts

Exhibit E: September 11, 2026 notices of claim and proof of delivery

Exhibit F: Motion for Return of Property and municipal-court disposition

Exhibit G: Hospital property receipt, if available

Exhibit H: Property-room communications or notes, if available

Exhibit I: October 2, 2026 email demanding return of property and related attachments, if available

Dated: 10/19/2026

Respectfully submitted,

Travis Gray
7003 Sentinel Ave
Las Cruces, NM 88012
575-636-6070
travisgray@gmail.com