**STATE OF NEW MEXICO**
**CITY OF LAS CRUCES**
**IN THE MUNICIPAL COURT**

**CITY OF LAS CRUCES,**
***Plaintiff,***
*-vs-*

**TRAVIS GRAY,**
***Defendant.***

**Docket No. 260001180**
**Judge: Anthony F. Filosa**

## MUNICIPAL COURT JUDGEMENT/FINDING FROM HEARING ON The 17th Day Of September, 2026

**Charge(s):**

| | |
|---|---|
| **UNLAWFUL CARRYING OF DEADLY WEAPON.** | **260001180** |

Plea: NOT GUILTY
Status: DISMISSED W/O PREJUDICE 9/17/2026

Fine: $0.00

Findings: PER JUDGE FILOSA AT MOTION HEARING, DISMISSED WITHOUT PREJUDICE. OFFICER NOT PRESENT AT MOTION HEARING. NEITHER PARTY OFFICER/DEFENDANT NOT PRESENT AT PRE-TRIAL ON 5/01/2026; 6/22/2026; 7/20/2026; 8/06/2026. COURT STAFF CONFIRMED NOTICE WAS SENT TO OFFICER.

To pay fines/fees online instead of coming back to court, visit our on-line payment page at www.municipalonlinepayments.com/lascrucesnm or follow links from our page at www.las-cruces.org

Date: September 17, 2026

Judge

Exhibit
A

Gabriella Martinez report

# LAS CRUCES POLICE

## FIELD CASE REPORT

CASE# 2026-00040949

**EVENT**

| REPORTED DATE/TIME | OCCURRED INCIDENT TYPE | LOCATION OF OCCURRENCE |
|---|---|---|
| 4/11/2026 14:25 | Lost/Found Property | |

| OCCURRED FROM DATE/TIME | OCCURRED THRU DATE/TIME | LOCATION OF OCCURRENCE |
|---|---|---|
| 04/11/2026 14:25 | 04/11/2026 14:25 | 2450 S TELSHOR BLVD<br>LAS CRUCES, NM |

**OFFENSES**

| | STATUTE/DESCRIPTION | COUNTS | ATTEMPT/COMMIT |
|---|---|---|---|
| 01 | ORD 19-163<br>UNLAWFUL CARRYING OF A DEADLY WEAPON | 1 | Commit |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**SUBJECT**

| JACKET/SUBJECT TYPE | | NAME (LAST, FIRST, MIDDLE SUFFIX) | | | | |
|---|---|---|---|---|---|---|
| Adult | Suspect | GRAY, TRAVIS SCOTT | | | | |
| DOB | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | | |
| 10/15/1988 | 37 | 1116 CAVENDER DR TX | | | | |
| RACE | | SEX | HEIGHT or RANGE | WEIGHT or RANGE | HAIR | EYE |
| White | | Male | 6'2" | 160 | Brown | Brown |
| DL NUMBER/STATE | | PRIMARY PHONE | PHONE #2 | | PHONE #3 | |
| 0749772 / TX | | | | | | |

**SUBJECT**

| JACKET/SUBJECT TYPE | | NAME (LAST, FIRST, MIDDLE SUFFIX) | | | | |
|---|---|---|---|---|---|---|
| Adult | Reportee | SAENZ, FRANKIE | | | | |
| DOB | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | | |
| 08/25/1986 | 39 | 2450 S TELSHOR BLVD LAS CRUCES, NM 88011 | | | | |
| RACE | | SEX | HEIGHT or RANGE | WEIGHT or RANGE | HAIR | EYE |
| White | | Male | | | | |
| DL NUMBER/STATE | | PRIMARY PHONE | PHONE #2 | | PHONE #3 | |
| | | | | | | |

**SUBJECT**

| | | | | | | |
|---|---|---|---|---|---|---|
| DOB | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | | |
| | | | | | | |
| RACE | | SEX | HEIGHT or RANGE | WEIGHT or RANGE | HAIR | EYE |
| | | | | | | |
| DL NUMBER/STATE | | PRIMARY PHONE | PHONE #2 | | PHONE #3 | |
| | | | | | | |

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| L1144 MARTINEZ | | RENTERIA, ISAAC | 04/12/2026 |



Exhibit B
Page 1

**LAS CRUCES POLICE**

**FIELD CASE REPORT**

CASE# **2026-00040949**

**NARRATIVE**

On April 11th, 2026, at approximately 3:07pm, I responded to Memorial Medical Center regarding a firearm that had been confiscated from a patient by hospital security staff.

Upon arrival, I made contact with hospital security personnel who directed me to the location where the confiscated items were being held. Security staff informed me that the patient was Travis Gray. Security stated that Travis had self-admitted to the hospital for treatment related to a motor vehicle accident. Travis arrived at the facility at approximately 1:00pm on April 11th, 2026. He advised that hospital staff, Frankie Saenz had confiscated a firearm, magazines, from Travis's person. Travis had voluntarily disclosed to a supervisor that he possessed a firearm. Security stated Travis did not provide identification and did not indicate whether he had any registration or permit for the weapon.

I observed the confiscated items, which included one Shadow Systems firearm, black in color, nine-millimeter, serial number MR920. Two magazines and a pocket multi tool were also present with the confiscated items. I requested gloves and examined the firearm. I confirmed the firearm was not loaded in the chamber but had magazines present. I requested dispatch run the firearm serial number MR920 through NCIC, which returned clear with no record of the weapon being stolen.

Security informed me that during the previous shift, Travis had been making statements that concerned staff, specifically threats regarding his fiancée. A standby call had been requested due to these statements. Travis's fiancée had also been admitted to the hospital for treatment related to the same motor vehicle accident and was located in the emergency room. Security stated that supervisor Walter Miranda had heard the threatening statements but had left his shift. I was not able to get a statement from Miranda. I also reviewed video footage of Frankie Seanz body worn camera that showed him removing the firearm from Mr. Travis's front waist band. Mr. Travis also turned over another magazine that was located in his back pocket.

I requested dispatch run a records check on Travis Scott Gray, date of birth October 15, 1988. Dispatch advised of a NCIC hit showing Gray as a white male with caution indicators including armed and dangerous, silent tendencies, history of abuse, narcotics abuse and identified as a threat to law enforcement. The NCIC entry indicated Gray had refused medications, had aggressive history, had a history of resisting officers, and had made statements to medical staff about body armor and weapons. The NCIC information appeared to originate from Hurst Police Department in Texas.

I requested Gray's social security number for a Triple I inquiry. I provided dispatch with social security number ending in 2476 for Travis Gray, date of birth October 15, 1988. I later obtained the full social security number 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 directly from Gray.

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| **L1144 MARTINEZ** | **4/11/2026** | **RENTERIA, ISAAC** | **04/12/2026** |

Exhibit B
Page 2

**LAS CRUCES POLICE**

**FIELD CASE REPORT** CASE# **2026-00040949**

**NARRATIVE (continuation)**

I proceeded to room 20 in the emergency department where I made contact with Gray and his girlfriend. Gray was receiving treatment for injuries from the motor vehicle accident, specifically x-rays of his chest and right foot. I observed Gray's girlfriend was also present in the room receiving medical treatment. I identified myself as Officer Martinez and advised Gray that hospital security had confiscated his firearm per facility policy and that law enforcement had been called to take custody of the weapon.

Gray stated he was aware the firearm had been confiscated. I asked Gray if he possessed a concealed carry permit for the firearm. Gray stated, "not anymore," indicating he previously had a permit but no longer possessed a valid permit. I advised Gray that in the state of New Mexico, carrying a concealed firearm without a valid permit constitutes unlawful carry of a firearm. Gray responded, "charge me."

I requested Gray provide his driver's license. Gray stated he did not have one. I requested Gray provide his social security number. Gray initially responded by asking "which one" and referenced having multiple social security numbers including one for a trust. Gray provided the following information: full name Travis Scott Gray, date of birth October 15, 1988, social security number 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. Gray initially stated he did not have a driver's license but then provided Texas driver's license number. Gray provided his address as 1116 Carpenter Drive, Plano, Texas 76053. Gray confirmed he currently lives in Texas and had just arrived in the area. Gray stated he had recently proposed to his girlfriend and they were engaged. Gray stated he did not have a phone and was using his girlfriend's phone.

I requested dispatch complete a Triple I inquiry using Gray's full social security number 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. Dispatch confirmed the Triple I returned positive with matching name, date of birth, and social security number. I requested another officer retrieve the Triple I printout and review for any felony convictions. The reviewing officer examined the Triple I report and advised there were numerous criminal misdemeanor charges but no felony convictions present.

Based on Gray's admission that he did not possess a valid concealed carry permit and the presence of the firearm with loaded magazines; I determined probable cause existed to cite Gray for unlawful carrying of a firearm in violation of New Mexico statute. I prepared a citation for Gray. I requested Gray provide an address where he receives mail for service of the citation. Gray's girlfriend provided the address 7003 Sentinel Avenue, Las Cruces, New Mexico 88012.

I returned to Gray's hospital room and presented him with the citation. Gray questioned how the carry was unlawful. I explained he did not possess a concealed carry permit as required by law. Gray disputed whether the firearm was loaded. I clarified that while there was no round chambered, the firearm had magazines inserted, which constitutes a loaded firearm. Gray became argumentative about the definition

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| L1144 MARTINEZ | 4/11/2026 | RENTERIA, ISAAC | 04/12/2026 |

Exhibit B
Page 3

**LAS CRUCES POLICE**
**FIELD CASE REPORT**

CASE# **2026-00040949**

**NARRATIVE (continuation)**

of loaded versus unloaded.

I directed Gray to sign the citation on the defendant signature line. I provided Gray with his copy of the citation with a court appearance date of Wednesday. The firearm, magazines, and knife were secured for transport to the police station as evidence.

I entered the firearm into evidence and returned to service.

I acknowledge this report was generated using Draft One by Axon. I further acknowledge that I have reviewed the report in detail, made any necessary edits, and believe it to be an accurate representation of my recollection of the reported events. If needed, I am willing to testify to the accuracy of this report.

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| L1144 MARTINEZ | 4/11/2026 | RENTERIA, ISAAC | 04/12/2026 |

Exhibit B
Page 4

Lockhart Report

**LAS CRUCES POLICE**

**FIELD CASE SUPPLEMENT REPORT** CASE# **2026-00040949**

**NARRATIVE**

On April 11th, 2026 at approximately 3:08pm, I responded to a hospital regarding a firearm that had been confiscated from a patient. Upon arrival, I made contact with hospital security staff who advised that a patient had voluntarily surrendered a firearm upon admission.

Security staff showed me surveillance footage from their system. The footage depicted a male patient openly disclosing to security that he possessed a firearm and then unloading it in front of staff. The firearm was a Shadow Systems pistol, black in color, nine millimeter, serial number MR920. The weapon was accompanied by two magazines loaded with hollow point ammunition. Security staff confirmed the firearm was not chambered when surrendered.

The patient was identified as Travis Gray, date of birth 10/15/1988. Dispatch advised Gray had an extensive criminal history including a flag for dangerous violence, domestic abuse, Narcotics, and threats to law enforcement. The system indicated Gray was using prescription medication, had an aggressive history of resisting arrest, and had previously told officers "I am a shooter."

I spoke with Gray's fiancée, Robin Rios, date of birth 08/03/1988, phone number (520) 609-5465, address 703 Sentinel Avenue. Rios stated the following: She and Gray had been dating for approximately three weeks. On an unspecified date, they were involved in a vehicle accident with a deer in Pine Hills, New Mexico, and filed a police report on the second of the month. They came to the hospital today for medical evaluation related to the accident. Gray was receiving x-rays for his chest and right foot. Rios was being evaluated for possible eye trauma due to prior surgery. Rios stated she knew Gray owned a firearm but was unaware he brought it to the hospital. She denied any threats or domestic violence between them.

Officer Martinez L1144 issued Gray a citation for unlawful carrying of a loaded firearm without a concealed carry permit. Gray questioned whether the firearm was considered "loaded" since there was no round chambered, though he acknowledged having loaded magazines inserted. Gray requested the citation be sent directly to Judge Kyle Greg in the Ninth District. Gray signed the citation after reading it and requested to speak with his attorney regarding the matter. The firearm and magazines were retained as evidence.

I acknowledge this report was generated using Draft One by Axon. I further acknowledge that I have reviewed the report in detail, made any necessary edits, and believe it to be an accurate representation of my recollection of the reported events. If needed, I am willing to testify to the accuracy of this report.

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| L1141 LOCKHART | 4/11/2026 | RENTERIA, ISAAC | 04/12/2026 |

Exhibit C

TRANSCRIPT EXCERPTS EXHIBIT

>>>>>> NOTIFIED SECURITY AND SURRENDERED WEAPON [02:30] Speaker 3 - Uh, yes. He will me at the time. Uh, that one of our supervisor

>>>>>> OPENLY DISCLOSED AND GAVE [05:19] Speaker 1 - Yeah, I'm gonna run. Um, he came in for a motor vehicle accident at one today and he openly disclosed I have a firearm and then he gave it to me. I dunno how firearm that is,

>>>>>> CLEAR RETURN [07:16] Speaker 5 - Copy Mary Robert nine two is coming back clear. No record.

>>>>>> STAFF NEVER NOTIFIES GRAY [07:58] Speaker 3 - Uh, no.

>>>>>> MAKING THREATS, NO THREAT. [08:00] Speaker 3 - Uh, he was altering, uh, previous partner did say that he was concerned that he was making threats about his fiance at the time and we did get a sta call to go standby for him. So I didn't feel exactly, you know, comfortable having it back to him.

[08:16] Speaker 1 - Okay. In

[08:17] Speaker 3 - Case he did get cleared and everything.

>>>>>>> MAKING THREATS [08:26] Speaker 1 - He's making threats to his fiance, his fiance's here.

>>> WALTER MIRANDA SECURITY GUARD WHO GAVE NO STATEMENT [08:47] Speaker 3 - Yeah, um, Walter Miranda. He was the other supervisor for me.

[08:51] Speaker 1 - Got it. And he's still here?

[08:53] Speaker 3 - Uh, no, he's, he left. I took

[08:54] Speaker 4 - Over this case. Oh, that's what it was.

>>>> NCIC CHECK [09:30] Speaker 5 - 10. I'm not coming back with a return, however, I do have a 10 48 Travis Scott Ray, the male KT 25 from South 10 showed 10 48 armed and dangerous silent tendencies to abuse code 16, code 30 i threat to law enforcement in the 10 48 is advising per doctor is he is refusing RX medications and is aggressive history of resisting officers history of code 30 present himself. Yourself had asked officers about level of body armor that they were and went asked why They told him because I am a shooter. I also told the doctors that officer that he has a body

Exhibit D
Page 1

piercing armor around as I go back from snares machetes and it made threats to his like

[10:38] Speaker 4 - As well. Memorial, can you cut? You need to, I appreciate,

>>>> NCIC OUT OF HURST PD [10:41] Speaker 5 - Could be out of Hearst PD in Texas. Do you want me to try his name in birth? Texas?

[10:48] Speaker 1 - Affirmative.

>>>> APPENDIX CARRY [12:23] Speaker 4 - And he also, uh, like above in a knife. So did he have like, I guess he had like in an appendix carry? Yeah.

>>>>>> HEY DUDE, I'M GONNA TAKE IT [18:55] Speaker 1 - Permit? Yeah. It's a petty misdemeanor, but at least we could like ask him, Hey dude, what's going on? Da da da. I'm gonna take it, enter it into the station

[19:15] Speaker 2 - Social, we can get a positive

>>>> USED IT AS PRETEXT TO TALK [19:18] Speaker 1 - Job. Yeah. But that's when he's gonna talk to him so I can, that's what will give me like

[19:26] Speaker 2 - A <inaudible>.

**STATE OF NEW MEXICO**
**COUNTY OF DOÑA ANA**
**IN THE MUNICIPAL COURT OF THE CITY OF LAS CRUCES**

| | |
|---|---|
| CITY OF LAS CRUCES, | ) |
| Plaintiff, | ) Case/Citation No. 260001180<br>) (LCPD Case No. 2026-00040949)<br>) Charge: Las Cruces Municipal Code |
| v. | ) § 19-163 (Unlawful Carrying of a<br>) Deadly Weapon) |
| TRAVIS GRAY, | ) |
| Defendant, Pro Se. | ) Judge: Anthony F. Filosa<br>) |

## DEFENDANT'S MOTION FOR RETURN OF PROPERTY

COMES NOW Defendant Travis Gray, appearing pro se, and respectfully moves this Court for an Order directing the Las Cruces Police Department Property/Evidence Unit to release Defendant's property, held under LCPD Tag No. 2026-00040949, to Defendant. In support, Defendant states:

1. The LCPD case report for this matter (LCPD Case No. 2026-00040949) identifies Defendant as the sole owner of all items logged under Tag No. 2026-00040949, taken into evidence on April 12, 2026. Those items are:

   - Item 1 — one black handgun, Shadow Systems, 9mm, Serial No. SSC030551;
   - Item 2 — one black "Glock Bravo Concealment" handgun holster;
   - Item 3 — one black Glock magazine and one black P-magazine;
   - Item 4 — approximately thirteen (13) rounds of 9mm Luger +P ammunition and fifteen (15) rounds of 9mm SIG Luger ammunition; and
   - Item 5 — one black multi-tool.

2. All five items were voluntarily surrendered by Defendant to Memorial Medical Center security personnel on April 11, 2026, and were subsequently transferred to LCPD, where they have remained in storage since intake on April 12, 2026.

3. Defendant has been charged only with a single petty misdemeanor citation. Defendant has not been convicted of any offense, and no forfeiture proceeding has been initiated as to any of the above items.

4. All five items are already fully documented in LCPD's own records, including item descriptions, tag and serial numbers, and chain-of-custody entries. Continued physical retention of the items is not necessary to preserve their evidentiary value; the existing documentary record, together with any trial testimony, is sufficient for that purpose.

5. To the extent the prosecution intends to offer any of the items as a physical trial exhibit, Defendant does not object to making the relevant item available for that limited purpose upon reasonable advance notice, and requests that any Order address that possibility rather than withholding all items indefinitely on that basis alone.

## RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that the Court:

A. Order the LCPD Property/Evidence Unit to release all items held under Tag No. 2026-00040949 (Items 1 through 5) to Defendant, subject to any standard identification or eligibility verification the Property Unit customarily applies before releasing a firearm; or, in the alternative,

Exhibit E
Page 1

**CERTIFICATE OF SERVICE**

I certify that on the 14th day of September, 2026, a true and correct copy of the foregoing Defendant's Motion for Return of Property was served by email upon:

Officer Gabriela Martinez, Las Cruces Police Department (Citing Officer / Prosecuting Officer) - Email: gabmartinez@lascruces.gov

with a courtesy copy to Destiny Aguilar, Deputy Court Clerk, Municipal Court of the City of Las Cruces - Email: daguilar@lascruces.gov

and electronically filed with the Municipal Court e-file system (municipalcourtefile@las-cruces.org).

Travis Gray, Defendant Pro Se

Exhibit E
Page 2

B. Order the immediate release of Items 2, 3, and 5 (the holster, magazine, and multi-tool), for which Defendant is aware of no continuing evidentiary need, while reserving ruling on Items 1 and 4 (the firearm and ammunition) until trial or further Order of the Court; and

C. Address this request at the September 17, 2026 hearing already scheduled in this matter, or as soon as practicable thereafter.

Defendant requests such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: 09/14/26

/s Travis Scott Gray
Travis Gray, Defendant Pro Se
7003 Sentinel Ave.
Las Cruces, NM 88012
Telephone: 575-636-6070
Email: travisgray@gmail.com

Exhibit E
Page 3

**Travis Scott Gray**
7003 Sentinel Avenue, Las Cruces, NM 88012
575-636-6070 · travisgray@gmail.com

09/24/2026, 2026

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED, AND EMAIL**

Brad Douglas, City Attorney
Office of the City Attorney
City of Las Cruces
P.O. Box 20000
Las Cruces, NM 88004

**Re: FORMAL DEMAND FOR SETTLEMENT — Travis Scott Gray; related Las Cruces Municipal Court Case/Citation No. 260001180 (dismissed); Notice of Claim under NMSA 1978 § 41-4-16 dated September 11, 2026**

Dear Mr. Douglas:

This letter follows my Notice of Claim under the New Mexico Tort Claims Act, sent to Mayor Eric Enriquez and copied to Risk Management and this office on September 11, 2026. This is a formal demand for resolution of the claims described in that notice, based on the facts set out below.

**Background**

On April 11, 2026, Officer Gabriela Martinez of the Las Cruces Police Department issued me a citation at the Emergency Department of Memorial Medical Center, charging Unlawful Carrying of a Deadly Weapon under Las Cruces Municipal Code § 19-163. I was not taken into custody, but the charge was prosecuted for approximately five months before it was dismissed on or about 09/16/26.

The charge as brought required that the firearm have been concealed, consistent with NMSA 1978 § 30-7-2, the state offense of the same name. Officer Martinez's own body-worn camera recording establishes that she did not personally witness me carrying the firearm; she relied instead on video footage she reviewed but never produced during the litigation, and even that footage was described only as showing the firearm in an appendix holster — a description of position, not concealment. At no point in the record was the firearm shown to have been concealed. I carried it openly.

During the litigation, I made repeated, documented efforts to obtain the discovery to which I was entitled — including four telephone calls to LCPD supervisory personnel and multiple written requests and motions — before any of it was produced. Discovery was not produced until September 8, 2026.

My personal property — a firearm (Shadow Systems, Serial No. SSC030551), a holster, a magazine, ammunition, and a multi-tool — was seized in connection with the citation. Notwithstanding the dismissal of the only charge that could have justified its retention, and a pending Motion for Return of Property, it has not been returned to me.

**Basis for Claims**

These facts support, among other claims:

- Malicious abuse of process under New Mexico law, for which neither a custodial arrest nor a showing of special injury is required (Durham v. Guest, 2009-NMSC-007);
- Violation of my property rights through the continued, unjustified retention of lawfully owned property following dismissal of the underlying charge;
- Deprivation of rights secured by Article II, Sections 10 and 18 of the New Mexico Constitution, actionable under the New Mexico Civil Rights Act, NMSA 1978 §§ 41-4A-1 to -13, under which qualified immunity is not available as a defense and reasonable attorney fees and costs are recoverable; and

Exhibit F
Page 1

Claims arising under 42 U.S.C. § 1983.

**Damages**

As a direct result of the foregoing, I have incurred damages including:

- Multiple flights to El Paso and Dallas, ongoing rent and living expenses to remain in Las Cruces
- Loss of use of Weapon and Multi-Tool, renting a firearm is approximately 50$ a day for 5 months.
- Emotional Distress from being issued a citation in the Emergency Room after a near fatal motor vehicle accident, being called into court, humiliation, defamation of character and ongoing distress caused by having to defend one self against a baseless charge.
- Costs of defending myself in court, appearing in court, attorneys fees.

**Demand**

To resolve this matter without the necessity of filing suit, I demand: (1) the immediate return of all property described above; and (2) payment in the amount of $45,000 in full and final settlement of the claims described in this letter and in my September 11, 2026 Notice of Claim.

Please respond in writing within fourteen (14) days of the date of this letter. If this matter is not resolved by that date, I intend to pursue all available legal remedies, including the filing of a civil action in federal and state court.

Sincerely,

Travis Scott Gray

cc: Hon. Eric Enriquez, Mayor; City of Las Cruces Risk Management Department

Exhibit F
Page 2

Gmail

Travis Gray <travisgray@gmail.com>

**URGENT DEMAND FOR IMMEDIATE RETURN OF SEIZED PROPERTY | Citation No. 260001180 | LCPD Tag No. 2026-00040949**
2 messages

**Travis Gray** <travisgray@gmail.com> Fri, Oct 2, 2026 at 9:08 AM
To: cityattorney@lascruces.gov, lcpd-evidence@lascruces.gov, LCPD-Records <LCPD-Records@lascruces.gov>, bdouglas@lascruces.gov
Cc: Gabriela Martinez <gabmartinez@lascruces.gov>, daguilar@lascruces.gov

To the City Attorney's Office, Risk Management, and LCPD Records/Evidence:

I am writing regarding the administrative hold your office placed on my legally owned firearm (Shadow Systems 9mm, Serial No. SSC030551) and property (LCPD Tag No. 2026-00040949).

During my hearing, Judge Anthony F. Filosa verbally stated that a formal Motion for Return of Property is moot because the property must be released to me automatically following the dismissal of Case No. 260001180. Please see the attached documentation regarding this matter.

By continuing to hold my property under an "administrative review" and attempting to condition its return on a liability waiver, the City is not only violating the strict five-day statutory mandate under NMSA § 31-27-10, but is actively defying Judge Filosa's direct verbal assessment that the property must be returned unconditionally.

I want the gun back now. I expect written confirmation today, October 2, 2026, that the LCPD Evidence Unit has been instructed to release my property immediately and unconditionally. If you continue to defy state law and the Court's verbal guidance, I will file an Expedited Motion for an Order to Show Cause requiring the City Attorney to appear and explain this refusal to the judge.

Travis Gray
Defendant, Pro Se
575-636-6070

travisgray@gmail.com

Sender notified with Mailtrack · Opt out

**COURT JUDGEMENT FORM DISMISSAL.pdf**
90K

**Mailsuite Reminder** <reminders@mailsuite.com> Fri, Oct 2, 2026 at 4:00 PM
Reply-To: cityattorney@lascruces.gov, lcpd-evidence@lascruces.gov, lcpd-records@lascruces.gov, bdouglas@lascruces.gov
To: travisgray@gmail.com

You've not received a reply yet. Snooze for 24H, 48H, or 72H

Exhibit I